

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 3:06CR164–HEH |
| ) | |
| JAMES E. WILSON, ) | |
| ) | |
| Petitioner. ) | |

**MEMORANDUM OPINION**
**(Denying 28 U.S.C. § 2255 Motion)**

James E. Wilson, a federal inmate proceeding *pro se*, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion," ECF No. 43).[1] The Government has responded, asserting, *inter alia*, that Wilson's § 2255 Motion is barred by the statute of limitations. (ECF No. 46.) For the reasons set forth below, Wilson's § 2255 Motion will be dismissed as barred by the statute of limitations.

**I. PROCEDURAL HISTORY**

On May 16, 2006, a grand jury charged Wilson with: conspiracy to interfere with commerce by threats and violence (Count One); interference with commerce by violence (Count Two); and discharge of a firearm in furtherance of a crime of violence (Count Three). (Indictment, ECF No. 1.) Wilson pled guilty to Counts Two and Three. (Plea Agreement ¶ 1, ECF No. 19.) On April 17, 2007, the Court entered judgment against Wilson and sentenced him to a total of 157 months of incarceration. (J. 2, ECF No. 38.)

---

[1] The Court employs the pagination assigned to Wilson's submissions by the CM/ECF docketing system. The Court corrects the capitalization and punctuation in quotations from Wilson's § 2255 Motion.

Specifically, the Court sentenced Wilson to 37 months for Count One, and 120 months for Count Two, to run consecutively. (*Id.*) Wilson did not appeal.

On May 14, 2014, Wilson placed the present § 2255 Motion in the prison mail system for mailing to this Court. (§ 2255 Mot. 18.)[2] The Court deems the § 2255 Motion filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). In his § 2255 Motion, Wilson asserts that "[i]n light of the Supreme Court's ruling in *Alleyne v. United States*, [133 S. Ct. 2151] (2013), Petitioner was sentenced erroneously." (§ 2255 Mot. 3.) Specifically, Wilson contends that the sentence imposed for Count Three is "an erroneous, illegal and unconstitutional sentence" because he had a right to have a jury determine whether he discharged the firearm. (*Id.*)

## II. ANALYSIS

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

---

[2] Wilson did not date his § 2255 Motion. However, the envelope in which the § 2255 Motion was mailed is postmarked May 14, 2014. (*See* ECF No. 43, at 19.)

2

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

### A.  28 U.S.C. § 2255(f)(1)

Because Wilson did not appeal, under 28 U.S.C. § 2255(f)(1), his conviction became final on Tuesday, May 1, 2007, the last date to file an appeal. *See United States v. Clayton*, No. 3:07CR488, 2010 WL 4735762, at *3 (E.D. Va. Nov. 15, 2010) (citing *Arnette v. United States*, Nos. 4:01CR16, 4:04CV122, 2005 WL 1026711, at *4 (E.D. Va. May 2, 2005)); Fed. R. App. P. 4(b)(1)(A) (effective until December 9, 2009) (requiring defendant to file an appeal within ten (10) days of the entry of judgment). Hence, Wilson had until Thursday, May 1, 2008 to file any motion under 28 U.S.C. § 2255. Because Wilson did not file his § 2255 Motion until May 14, 2014, the motion is untimely under 28 U.S.C. § 2255(f)(1).

### B.  Belated Commencement

In his § 2255 Motion, Wilson asserts that the sentence imposed for Count Three violates *Alleyne v. United States*, 133 S. Ct. 2132 (2013). (§ 2255 Mot. 3–4.) He contends that the decision in *Alleyne* should apply retroactively to his case. (*Id.* at 10–14.) In *Alleyne*, the Supreme Court held "that any fact that increases the mandatory

3

minimum is an 'element' that must be submitted to the jury." 133 S. Ct. at 2155. Although *Alleyne* did announce a new rule of criminal procedure, the rule is not retroactive on collateral review. *See Crayton v. United States*, 799 F.3d 623, 624 (7th Cir. 2015) (citations omitted); *Williams v. United States*, No. 4:09cr00039, 2014 WL 526692, at *4 (W.D. Va. Feb. 7, 2014). Therefore, because *Alleyne* is not retroactive, Wilson is not entitled to a belated commencement of the limitation period.[3]

### C. Equitable Tolling

Motions pursuant to 28 U.S.C. § 2255 are subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645–46 (2010). The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). An inmate asserting equitable tolling "'bears a strong burden to show specific facts'" that demonstrate he fulfills both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)).

In his § 2255 Motion, Wilson argues that he is entitled to equitable tolling because he "has pursued his rights diligently by attempting to obtain review in his case within a short period after it became clear that his case was affected by *Alleyne*." (§ 2255 Mot. 5.) He further asserts that "controlling Fourth Circuit precedent until the date the *Alleyne*

---

[3] Moreover, neither Wilson nor the record suggest a basis for a belated commencement of the limitation period under 28 U.S.C. § 2255(f)(2) or (4).

4

opinion was issued—on June 17, 2013—provides the necessary 'extraordinary circumstance' required to justify equitable tolling." (*Id.* at 7.) However, Wilson's equitable tolling argument lacks merit. The Fourth Circuit has explained that unfavorable precedent standing alone fails to warrant equitable tolling. *See Whiteside v. United States*, 775 F.3d 180, 186 (4th Cir. 2014) (en banc) (rejecting the notion that equitable tolling may be applied "where, as here, the only impediment to timely filing was the discouragement felt by petitioner when calculating his odds of success"). The *Whiteside* court explained: "The standard announced in *Holland* . . . focuses not on whether unfavorable precedent would have rendered a timely claim futile, but on whether a factor beyond the defendant's control prevented him from filing within the limitations period at all." *Id.* at 185 (citation omitted). Here, Wilson fails to demonstrate that he was prevented from timely raising the instant challenge to his firearm conviction.[4] "Simply put, [Wilson] fails to demonstrate some external impediment, rather than his own lack of diligence, prevented him from filing a habeas petition in a timely fashion." *O'Neill v. Dir., Va. Dep't of Corr.*, No. 3:10CV157, 2011 WL 3489624, at *6 (E.D. Va. Aug. 9, 2011). Accordingly, Wilson lacks entitlement to equitable tolling.

### D. Actual Innocence

Wilson contends that "he is actually innocent of the sentence in which he received," which permits him to overcome the expiration of the limitations period.

---

[4] Indeed, Wilson cites several cases dating from many years before his 2007 conviction where a petitioner argued that brandishing a firearm was an element of the offense, not a sentencing factor, and accordingly, a jury, not the judge, must find beyond a reasonable doubt that a defendant brandished the firearm. *See Harris v. United States*, 536 U.S. 545, 549–51 (2002), *overruled by Alleyne*, 133 S. Ct. 2151; *McMillan v. Pennsylvania*, 477 U.S. 79, 83 (1986).

5

(§ 2255 Mot. 14–15.) The Supreme Court has recognized that a convincing claim of actual innocence of the crime of one's conviction may allow a court to consider an otherwise time-barred claim. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1933–34 (2013). The Fourth Circuit, however, has concluded that "*McQuiggin* does not apply to habeas claims based on actual innocence of a sentence." *United States v. Jones*, 758 F.3d 579, 587 (4th Cir. 2014), *cert. denied*, 135 S. Ct. 1467 (2015). Thus, Wilson has failed to demonstrate any basis for excusing his failure to comply with the statute of limitations.

### III. CONCLUSION

For the foregoing reasons, Wilson's § 2255 Motion (ECF No. 43) will be denied. The Court will deny a certificate of appealability.

An appropriate Order shall issue.

It is so ORDERED.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: March 21, 2016
Richmond, Virginia